Filed 5/21/13  In re Oscar S. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

|  |  |
|---|---|
| In re OSCAR S., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>OSCAR S.,<br><br>        Defendant and Appellant. | C070434<br><br>(Super. Ct. No. 68295) |

The juvenile court sustained a petition pursuant to Welfare and Institutions Code section 602 charging the minor, Oscar S., with possession of burglary tools (Pen. Code, § 466),[1] vandalism (§ 594, subd. (a)), and prowling (§ 647, subd. (h)).  He was adjudged a ward of the court and placed on probation.  He appeals these findings and orders. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal.

---

[1]     Further undesignated statutory references are to the Penal Code.

1

(*People v. Wende* (1979) 25 Cal.3d 436; *In re Kevin S*. (2003) 113 Cal.App.4th 97.)  We shall affirm.

BACKGROUND

Thomas Dickey lived across the street from the yard of Bob's Towing.  One night in August 2011 he was awakened by his dogs barking.  He looked out his window and saw two males doing something at the Bob's Towing fence.  One male was a thinly built Hispanic and the other had a thicker build.  Dickey could not see their faces or anything in their hands.  He called 911.  As he continued to watch, it appeared one person came through the fence.  Dickey believed they were breaking into the tow yard.

Deputy Justin Millmore was dispatched to the scene.  The only person he saw in the area was the minor as he was walking from the area of Bob's Towing.  Deputy Millmore asked what the minor was doing and the minor answered he was showing a friend a car at the tow yard.  Deputy Millmore asked the minor if he was inside the yard looking at the car and the minor answered "Well, kind of."  Deputy Millmore then detained the minor in the patrol car.

Deputy Millmore inspected the entrance to the tow yard and found two holes in the surrounding fences.  The holes were cut large enough for someone to duck into, approximately three to four feet.  The holes appeared to have been caused by cutting the chain links in the fence.  Deputy Millmore also inspected the area where he first saw the minor and found a Nikon binocular bag with a pair of bolt cutters and a tire iron.  Deputy Millmore searched the SUV the minor had claimed to be returning to and found a pair of Nikon binoculars without a case.

The owner of Bob's Towing inspected the property.  The fences to his business and the adjoining business had been cut, but nothing appeared to be missing.

A petition was filed charging the minor with felony charges of attempted second degree burglary (§§ 664, 459) and conspiracy to commit burglary (§ 182, subd. (a)(1)), and misdemeanor charges of possession of burglary tools (§ 466), vandalism (§ 594,

2

subd. (a)), and prowling (§ 647, subd. (h)). The minor filed a motion to suppress, which was denied. Following a contested jurisdictional hearing, the court found the allegations of attempted burglary and conspiracy not true and the allegations of possession of burglary tools, vandalism, and prowling true beyond a reasonable doubt. Pending disposition, additional charges were filed in Stanislaus County, alleging a June 2011 second degree burglary. The minor admitted a misdemeanor second degree auto burglary in that case. His mother's boyfriend was found to be a codefendant and a stay-away order was recommended. The case was transferred to San Joaquin County for disposition.

At the dispositional hearing, the minor was adjudged a ward of the court and placed on probation. The juvenile court committed him to juvenile hall for 41 days with credit for 41 days served and ordered the minor to participate in a work project while committed. The court suspended an additional 90 days upon successful completion of the Reconnect Program. The court ordered the minor to complete an additional 30 days of electronic monitoring following his time in juvenile hall. Among the terms and conditions of probation, the court ordered the minor to pay $1,050 in restitution to Maisie Rodas[2] and restitution in an amount to be determined to Bob's Towing. The court issued stay-away orders as to the victims Rodas and Bob's Towing as well as the codefendant.

DISCUSSION

The minor was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from the minor. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to the minor.

---

[2] Maisie Rodas was the victim of the Stanislaus burglary.

3

DISPOSITION

The findings and orders are affirmed.

      BLEASE      , Acting P. J.

We concur:

      HULL      , J.

      MAURO      , J.